# In the United States Bankruptcy Court for the District of Maryland

| | |
|---|---|
| In re: <br><br> **LIZA M. ROUSE** *and* <br> **PATRICK F. ROUSE,** <br><br> *Debtors*. | Bankruptcy No. 10-2-7156 NVA <br><br> Chapter 7 |
| **LIZA M. ROUSE** *and* <br> **PATRICK F. ROUSE,** <br><br> *Movants,* <br><br> *vs*. <br><br> **BANK OF AMERICA, N.A.,** <br> c/o Brian T. Moynihan, President <br> Bank of America Corporate Center <br> 100 North Tryon Street <br> Charlotte, North Carolina 28255 <br><br> *Respondent*. | Adversary No: _____ <br><br><br><br> **COMPLAINT TO DECLARE DEBT DISCHARGED AND FOR DAMAGES** |

  **Now Come** Debtors, by counsel Brett Weiss, P.C., and Brett Weiss, and sue Bank of America, N.A. to declare certain debts of Bank of America, N.A. discharged, and for damages, and state:

### *Jurisdiction*

  1. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11 and concerns property and the post-discharge collection of debts of the Debtors in that case.

  2. This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. §§ 1334 and 157(b)(2).

  3. This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this Court is determined not to have the authority to enter a final order pursuant to *Stern v. Marshall*, the Plaintiffs consent to the entry of a final order by the Bankruptcy Court.

*Venue*

4. Venue lies in this District pursuant to 11 U.S.C. § 1391(b).

*Parties*

5. Plaintiffs are citizens and residents of Howard County, Maryland.

6. Defendant Bank of America, N.A., is, upon information and belief, a national bank doing business in the State of Maryland, with its principal office at Bank of America Corporate Center, 100 North Tryon Street, Charlotte, North Carolina 28255.

*Facts*

7. Debtors filed a voluntary no-asset petition under Chapter 7 of the Bankruptcy Code on July 29, 2010 (the "Bankruptcy").

8. On November 10, 2010, Debtors received a Discharge in the Bankruptcy. A final Decree was entered on November 16, 2010.

9. Bank of America, N.A. (the "Bank"), was scheduled as a general unsecured creditor on Schedule F. The Bank's debt reflected two loans (the "Loans") from the Bank for tuition at the Glen Elg Country School, a private school providing elementary, middle and high school education.

*COUNT I*

10. Plaintiffs adopt and incorporate the allegations of paragraphs 1-9 in this paragraph.

11. Since their discharge, the female debtor has been dunned for collection of the Loans from the Bank and/or its agents, who have contended that the Loans are non-dischargeable student loans.

12. 11 U.S.C. § 523(a)(8)(A)(i) exempts from discharge, "[A]n educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution…"

13. As indicated by Paragraph 12 of the Credit Agreement for the Loan attached as Exhibit #1:

> I acknowledge that the requested loan is subject to the limitations on dischargeability in bankruptcy contained in Section 523(a) of the United States

Bankruptcy Code. Specifically, I understand that you have purchased a guaranty of this loan, and that this loan is guaranteed by The Education Resources Institute, Inc. ("TERI"), a non-profit institution.

Notwithstanding this language, the mere fact that a loan is *guaranteed* by a non-profit institution is insufficient to bring it within the non-dischargeability provisions of 11 U.S.C. § 523(a)(8)(A)(i), as the guarantee provision applies only to loans guaranteed by a governmental unit, which TERI is not. Nor is this loan an "educational benefit, scholarship, or stipend" [§ 523(a)(8)(A)] or "any other educational loan that is a qualified education loan… incurred by a debtor who is an individual" [§ 523(a)(8)(B)]. General non-dischargeability language in a contract is, of course, unenforceable.[1]

𝖂𝖍𝖊𝖗𝖊𝖋𝖔𝖗𝖊, Debtors pray that this Court:

A.     Rule that the said scheduled debts were discharged; and

B.     Award damages in favor of Plaintiffs and against Defendant in a sum to be determined by the Court in the form of actual damages; and

C.     Award damages in favor of Plaintiffs and against Defendant in a sum to be determined by the Court in the form of punitive damages; and

D.     Award damages in favor of Plaintiffs and against Defendant all reasonable legal fees and expenses incurred by their attorney; and

E.     Order such other and further relief as to the Court may seem just and proper.

December 18, 2011                              Respectfully submitted,

                                               CHUNG & PRESS, LLC


                                               By: ___/s/ Brett Weiss_____
                                                   Brett Weiss, Bar No. 02980
                                                   6404 Ivy Lane, Suite 408
                                                   Greenbelt, Maryland 20770
                                                   (301) 924-4400
                                                   Brett@BankruptcyLawMaryland.com

---

[1] A statement in a loan document that a loan is nondischargeable in bankruptcy or that discharge is waived is expressly unenforceable pursuant to the final clauses in 11 U.S.C. §§ 524(a)(1), (2) and (3).